UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MABEL CLAIRE MCCALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-1747-B |
| | § | |
| GENENTECH, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Genentech, Inc. and XOMA (US) LLC's Motion to Dismiss (doc. 34), filed January 25, 2011. For the reasons stated below, the Court finds the Motion should be and hereby is **GRANTED**.

## I.

## BACKGROUND

The factual background and procedural history in this action are well-documented in the Court's previous orders. The case arises out of Plaintiff Mabel Claire McCall's use of the prescription drug Raptiva to treat her plaque psoriasis between September 2006 and August 2008. (Pl.'s Am. Compl. 5; *see* Mem. Op. & Order 1, Jan. 12, 2011). Plaintiff alleges that Defendant Dr. Alan Menter originally prescribed Raptiva for her in September 2006 (Pl.'s Am. Compl. at 2, 5). After self-injecting the drug weekly for twenty-three months, Plaintiff began to experience headaches, fever, chills, low back pain, nausea, and vomiting. (*Id.* at 2, 5-6). Plaintiff presented herself at a local emergency room on August 8, 2008, where she was eventually diagnosed as having

- 1 -

encephalitis. (*Id.* at 6). While in the hospital, Plaintiff was subjected to several invasive medical procedures, including multiple spinal taps and a tracheostomy. (*Id.* at 6). She remained in the hospital for twenty-five days. (*Id.*). To this day, Plaintiff maintains that she suffers from cognitive and communication issues, short term memory loss, tremors, fatigue, anxiety, depression, pain, and sleep apnea. (*Id.* at 7). Plaintiff also must wear bilateral leg braces and walk with a cane, as she is prone to fall without them. (*Id.*).

Defendant Genentech was the primary designer, manufacturer, tester, and supplier of Raptiva. (*Id.* at 1). Defendant XOMA aided in the research, development, and testing of Raptiva. (*Id.* at 2). Together, Defendants Genentech and XOMA are hereinafter referred to as the Manufacturing Defendants. The three other defendants (Dr. Alan Menter, Texas Dermatology Associates, and Baylor Research Institute) are hereinafter labeled the Non-Manufacturing Defendants.

Plaintiff filed her Original Petition in state court on August 4, 2010 (doc. 1, 22-38), bringing claims of negligence, strict liability, negligent misrepresentation, fraud, and civil conspiracy. Defendants Genentech and XOMA answered on August 30, 2010 (doc. 1, 44-60). Genentech and XOMA (with the Non-Manufacturing Defendants' consent) subsequently removed the case on the basis of diversity jurisdiction to this Court on September 3, 2010 (doc. 1), alleging that, though the Non-Manufacturing Defendants were not diverse in citizenship from Plaintiff, they had been improperly joined to the lawsuit. (Notice of Removal 3-8). Soon thereafter, the Non-Manufacturing Defendants filed their first Motion to Dismiss (doc. 9), contending that Plaintiff's Original Petition failed to state any claims against them upon which Plaintiff could possibly obtain relief. Plaintiff disagreed, filing a Motion to Remand (doc. 11), wherein she argued that she had in fact properly

asserted causes of action against the non-diverse, Non-Manufacturing Defendants. The Court found that Plaintiff's Original Petition (the operative pleading at the time of removal) failed to adequately assert a cause of action against any of the Non-Manufacturing Defendants and accordingly entered an Order (doc. 29) denying Plaintiff's Motion to Remand (doc. 9).

While Plaintiff's Motion to Remand and the Non-Manufacturing Defendants' first Motion to Dismiss were still pending, Plaintiff sought (doc. 21) and the Court granted (doc. 31), leave to amend her Original Petition. The Clerk then entered Plaintiff's Amended Complaint (doc. 33), which contains several additional factual allegations related to the Motion to Dismiss. Because the Non-Manufacturing Defendants' Motion to Dismiss centered only on the allegations in the Plaintiff's Original Petition—no longer the operative pleading—the Court denied their Motion to Dismiss but gave them permission to refile a similar motion in response to the Amended Complaint and its additional factual allegations (doc. 32).

All five defendants followed with Motions to Dismiss Plaintiff's Amended Complaint.[1] The Manufacturing Defendants filed their Joint Motion to Dismiss (doc. 34) on January 25, 2011, contending that Plaintiff's claims against them for negligent misrepresentation, fraud, and civil conspiracy failed for the same reasons that the Court rejected the claims against the Non-Manufacturing Defendants in denying Plaintiff's Motion to Remand.[2] Plaintiff responds that she has adequately pled these claims against the Manufacturing Defendants (doc. 34), and the Manufacturing Defendants have replied (doc. 46).

---

[1]The Non-Manufacturing Defendants' Motion to Dismiss Plaintiff's Amended Complaint (doc. 36) is dealt with in a separate order.

[2]The Manufacturing Defendants do not move to dismiss Plaintiff's negligence (Count I) or strict liability claims (Count II).

## II.

## LEGAL STANDARD

*A.      Rule 12(b)(6) Standard*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may support her claim for relief with any set of facts consistent with the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Rule 12(b)(6) authorizes dismissal of a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). Such a motion should only be granted when the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

A claim is plausible on its face  "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, to survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949. A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The

Court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadilac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

  B.     *Rule 9(b) Standard*

A dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Rule 9(b) provides, in pertinent part, that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). When claims for fraud and negligent misrepresentation are based on the same set of alleged facts, Rule 9(b)'s heightened pleading standard applies. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 n.3 (5th Cir. 2010); *see Paul v. Aviva Life & Annuity Co.*, No. 3:09-CV-1490-B, 2010 WL 5105925, at *8 (N.D. Tex. Dec. 14, 2010) (applying 9(b) to fraud and negligent misrepresentation claims that arose out of same set of facts but were contained in separate counts in complaint). The amount of particularity required for pleading fraud differs from case to case. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific"). In the Fifth Circuit, the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004).

In other words, the complaint must provide "the essentials of the first paragraph of any newspaper story, namely the who, what, when, where, and how." *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994).

## III.

## ANALYSIS

A.      *Plaintiff's Negligent Misrepresentation Claims*

In her Amended Complaint, Plaintiff makes the same negligent misrepresentation claims against the Manufacturing Defendants as she did against the Non-Manufacturing Defendants in her Original Petition.[3]  In particular, Plaintiff alleges that the Manufacturing Defendants negligently misrepresented to or concealed from Plaintiff, the health care industry, and the consuming public (1) the safety and effectiveness of Raptiva; (2) the adequacy and accuracy of their testing; and (3) the results of other tests and studies.  (Pl.'s Am. Compl. 14-15).

The Manufacturing Defendants move to dismiss these claims, arguing that Plaintiff has failed to point to any specific false statements, let alone when, where, and to whom they were made. (Defs.' Br. in Supp. of Mot. Dismiss 5).  They also contend that Plaintiff has not indicated any facts that would demonstrate that she relied on any purported representation.  (*Id.*).  Plaintiff responds that she has properly pled a claim for negligent misrepresentation, pointing to allegations in her Amended Complaint that the Manufacturing Defendants knew of possible problems with Raptiva, yet marketed it as safe and effective anyway, and that Plaintiff relied on the representations in the

---

[3]Plaintiff's allegations throughout the Amended Complaint's causes of actions section, like in her Original Petition,  refer generally to "Defendants" and do not differentiate between the Manufacturing and Non-Manufacturing Defendants.  Accordingly, the Court assumes that Plaintiff refers to the Non-Manufacturing Defendants in each allegation against "Defendants."

Manufacturing Defendants' marketing, advertisements, and product information for Raptiva. (Pl.'s Resp. 7-8).

In previously rejecting Plaintiff's negligent misrepresentation claims against the Non-Manufacturing Defendants, the Court refused to apply Rule 9(b)'s restrictive particularity requirements in the context of a Motion to Remand, yet found the claims to be inadequately pled nonetheless. (Mem. Op. & Order 12, Jan. 12, 2011). Plaintiff has not altered her negligent misrepresentation claim in her Amended Complaint, and thus her claims against the Manufacturing Defendants once again fail even without Rule 9(b)'s particularity requirement. Moreover, because the Court's analysis is now made in the context of a motion to dismiss, Rule 9(b)'s heightened pleading standards now apply as well. *See Lone Star Fund V*, 594 F.3d at 387 n. 3. Under Rule 9(b), a plaintiff must provide the "who, what, when, where, and how" of the purported false statements. *Melder*, 27 F.3d at 1100 n.5. However, Plaintiff's Amended Complaint does not point to a single statement made by either Manufacturing Defendant, let alone when and where they were made and to whom they were directed. Instead, Plaintiff merely points to the Defendants' general representations via marketing that the drug was safe and effective. (*See* Pl.'s Am. Compl. 14-16). Such general, broad allegations, untied to any particular statement, go against the extra protection afforded defendants by Rule 9(b). Accordingly, the Manufacturing Defendants' Motion to Dismiss Plaintiff's negligent misrepresentation claim is hereby **GRANTED**.

B.      *Plaintiff's Fraud Claims*

Plaintiff also brings fraud claims against the Manufacturing Defendants based on both affirmative misrepresentations and nondisclosures. (Pl.'s Am. Compl. 17). As the Court has previously noted, Plaintiff's fraud allegations against the Manufacturing Defendants involve the same

misrepresentations and omissions as her negligent misrepresentation allegations. Thus, Plaintiff again fails to meet Rule 9(b)'s heightened "who, what, when, where, and how" pleading standard, the Manufacturing Defendants' Motion to Dismiss as to Plaintiff's fraud claims is **GRANTED**, and those claims are **DISMISSED**.

      C.       *Plaintiff's Civil Conspiracy Claims*

Under Texas law, liability for conspiracy depends on participation in an underlying tort. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *see Staples v. Merck & Co.*, 270 F. Supp. 2d 833, 845 (N.D. Tex. 2003). Plaintiff has failed to adequately allege any underlying tort, and thus her conspiracy claims necessarily fail as a matter of law. (*See* Mem. Op. & Order 14, Jan. 25, 2011). Accordingly, the Manufacturing Defendants' Motion to Dismiss as to Plaintiff's conspiracy claims is **GRANTED**, and those claims are **DISMISSED**.

**IV.**

**CONCLUSION**

Based on the foregoing, the Manufacturing Defendants' Motion to Dismiss is hereby **GRANTED**. Accordingly, Plaintiff's negligent misrepresentation, fraud, and conspiracy claims (Counts III-V in Plaintiff's Amended Complaint) are **DISMISSED without prejudice**.

The Court does not take lightly dismissal of a claim without reaching its merits. Thus, a plaintiff will be given the opportunity to amend a complaint where it appears that more careful or detailed drafting might overcome the deficiencies on which dismissal is based. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (noting that a court may dismiss a claim for failing to comply with Rule 9(b), but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities

to do so."); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (observing that a complaint should only be dismissed under Rule 12(b)(6) "after affording every opportunity for the plaintiff to state a claim upon which relief can be granted.") (citation omitted).

While the Court has already analyzed the sufficiency of Plaintiff's negligent misrepresentation, fraud, and civil conspiracy claims in the context of both her Original Petition and Amended Complaint, out of an abundance of caution the Court will allow Plaintiff one final opportunity to file a Motion for Leave to Amend. If Plaintiff chooses to file a Motion for Leave, she must do so **on or before Friday, June 24, 2011**. Further, Plaintiff's Motion shall be no more than ten pages in length and shall lay out precisely how any changes cure the deficiencies cited in the Court's Orders. In accordance with the Local Rules, Plaintiff should also attach her Proposed Second Amended Complaint to the Motion for Leave. Should Plaintiff file a Motion for Leave, Defendants are directed to file a Response within ten calendar days of the Motion.

Plaintiff may file **only one** Motion for Leave to Amend—such motion may address her dismissed claims against the Manufacturing Defendants, the Non-Manufacturing Defendants (including her negligence claims), or both, but all arguments must be addressed in the single motion. No further briefing will be permitted. Failure to file a Motion for Leave to Amend will result in dismissal of Counts III-V against the Manufacturing Defendants and Counts I-V against the Non-Manufacturing Defendants with prejudice.

**SO ORDERED.**

**DATED June 9, 2011**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE